1
2
3
4
5
6
7

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
 San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
 San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com

Attorneys for Plaintiff

8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Francisco Duarte**,

        Plaintiff,

    v.

**Carlos Flores;**

        Defendant.

**Case:** 2:18-CV-00484-JAK-PJW

**Plaintiff's Memorandum of
Points and Authorities**

Date:      July 9, 2018
Time:      8:30 a.m.
Ctrm:      10B

Hon. Judge John A. Kronstadt

---

Plaintiff's Motion for Summary Judgment            Case: 2:18-CV-00484-JAK-PJW

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................... i

TABLE OF AUTHORITIES ................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ......................... 1

   I.   PRELIMINARY STATEMENT ..................................................... 1

   II.  RELEVANT FACTS ...................................................................... 1

   III.   LEGAL STANDARD.................................................................... 2

   IV.   THE LACK OF ACCESSIBLE FACILITIES ............................. 3

     A.  Plaintiff is Disabled................................................................. 5

     B.  Defendants Own and Operate a Place of Public Accommodation 5

     C.  The Auto Repair Had Barriers That Were Readily Removed ..... 5

     D.  The Plaintiff Encountered These Violations and Is Being Deterred From Patronage.................................................................. 9

   V.  THE LACK OF COMPLIANT PARKING IS UNLAWFUL UNDER CALIFORNIA LAW ............................................................ 9

   VI.   REMEDIES................................................................................... 9

   VII.  CONCLUSION ......................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
 603 F.3d 666 (9th Cir. 2010) ................................................. 3

*Celotex Corp. v. Catrett*
 477 U.S. 317 (1986) ............................................................ 2

*Chapman v. Pier 1 Imports (U.S.) Inc.*
 631 F.3d 939 (9th Cir. 2011) ........................................... 3, 6

*Cullen v. Netflix, Inc.,*
 880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................ 9

*Moeller v. Taco Bell Corp.*
 816 F.Supp.2d 831 (N.D. Cal. 2011) ................................. 4

*Molski v. M.J. Cable, Inc.,*
 481 F.3d 724 (9th Cir. 2007) ......................................... 9, 10

*Rush v. Denco Enterprises, Inc.,*
 857 F. Supp. 2d 969 (C.D. Cal. 2012) ............................... 6

**Statutes**

2010 Standards § 208.2.4 .................................................... 6

42 U.S.C. § 12102(2)(A) .................................................... 5

42 U.S.C. § 12181(7)(B) .................................................... 5

42 U.S.C. § 12181(7)(F) .................................................... 5

42 U.S.C. § 12188(a) .......................................................... 4

42 U.S.C. §§ 12183(a)(2) .................................................... 4

Cal. Civ. Code § 55.56(a) ................................................. 10

Cal. Civ. Code § 55.56(b) ................................................. 10

Cal. Civ. Code § 55.56(e) ................................................. 10

Civ. Code § 51 (f) ............................................................. 9

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Other Authorities**

1991 Standards § 4.1.2(5)....................................................... 6

1991 Standards § 4.1.2(5)(b) .................................................. 6

28 C.F.R. § 36.304(b) ............................................................. 8

CBC § 1129B.4........................................................................ 7

CBC § 11B-502.2 ................................................................ 7, 8

CBC § 11B-502.3.3 ................................................................. 7

Department of Justice, Technical Assistance Manual on the American with

    Disabilities Act (BNA) §§ III-4.4100 (1991) ....................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Plaintiff, Mr. Duarte, has brought this action because Defendant C&A Auto Repair ("Auto Repair") has failed to provide compliant disabled parking spaces at their store. Mr. Duarte is paraplegic and this violation of the Americans with Disabilities Act ("ADA") directly affects his disability. Because of this lawsuit, Defendant promptly set about to remedy those violations. Unfortunately, Defendant's efforts fell short of full compliance with the ADA, and the parking is still not compliant.

In this motion, Plaintiff seeks 1) an Order requiring Defendant to make the parking at the Auto Repair accessible per the ADA; 2) a ruling that his rights were violated under the ADA and Unruh Civil Rights Act; and 3) a single statutory penalty of $4,000 under Unruh for his personal encounter with the barriers that resulted in Mr. Duarte's difficulty and frustration. Plaintiff respectfully requests this Court grant his motion.

## II.  RELEVANT FACTS

Plaintiff Francisco Duarte is paraplegic; he cannot walk and uses a wheelchair for mobility. (SUF #1). The C & A Auto Repair ("Auto Repair") is located at or about 8217 Somerset Blvd., Paramount, California. (SUF #2). Defendant is, and was in May 2016, the owner of the Auto Repair. (SUF #3).

On May 23, 2016 Mr. Duarte went to the Auto Repair for a tire rotation. (SUF #4). As he drove into the parking lot of the Auto Repair, he found that there were parking spaces provided for customers. However, he did not find any space designated for use by persons with disabilities. (SUF #5). He did not find any parking space with an adjacent access aisle,

1

no signage indicating disabled parking, no "NO PARKING" lettering in any space, and no International Symbol of Access in any space. (SUF #6). Mr. Duarte needs an accessible parking space with an access aisle and adequate warning lettering. If he does not have adequate room to do this, he is forced over the edge of the access aisle and inside the adjacent space. Because of this, he runs the risk of getting struck by another car. (SUF #7). Because there was no accessible parking, Mr. Duarte was forced to leave and was deterred from patronizing the Auto Repair. (SUF #8). This caused Mr. Duarte difficulty, discomfort and frustration. (SUF #9).

Subsequent to May 2016, Defendant altered the parking lot in order to improve accessibility. (SUF #10). Two wheel stops were painted blue and wall mounted signage indicating to a handicap parking space were installed. (SUF #11). However the parking is still short of compliance. (SUF #12).

There is no blue outline clearly delineating the handicap parking space. (SUF #13). There is no access aisle accompanying the handicap parking space. (SUF #14). There is no fine warning or tow away signage displayed at or near the handicap parking space. (SUF #15).

The Auto Repair is conveniently located. (SUF #16). Once the violations are removed, Mr. Duarte plans to visit the Auto Repair on a regular basis whenever the need arises. (SUF #17).

## III.  LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party can bring a motion for summary judgment where there is no genuine dispute as to any material fact. Motions for summary judgment are not "disfavored." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In the present case, there can be no genuine dispute over the facts of the case and

2

1  those facts inform the court and the parties that it would be a waste of
2  judicial resources for this case to proceed to trial. There is no genuine issue
3  of material fact and this court should grant the Plaintiff's motion.

4

5  ## IV.  THE LACK OF ACCESSIBLE FACILITIES

6  Under Title III of the Americans With Disabilities Act of 1990
7  ("ADA"), the general rule is that: "No individual shall be discriminated
8  against on the basis of a disability in the full and equal enjoyment of the
9  goods, services, facilities, privileges, advantages, or accommodations of
10  any place of public accommodation by any person who owns, leases (or
11  leases to), or operates a place of public accommodation." 42 U.S.C. §
12  12182(a). The term "discrimination" can be misleading. The ADA applies
13  not just to intentional discrimination but to thoughtlessness and
14  indifference:

15  > Its passage was premised on Congress's finding that
16  > discrimination against the disabled is most often the product,
17  > not of invidious animus, but rather of thoughtlessness and
    > indifference, of benign neglect, and of apathetic attitudes
    > rather than affirmative animus. The concept of
18  > "discrimination" under the ADA does not extend only to
    > obviously exclusionary conduct—such as a sign stating that
19  > persons with disabilities are unwelcome or an obstacle course
    > leading to a store's entrance. Rather, the ADA proscribes
20  > more subtle forms of discrimination—such as difficult-to-
    > navigate restrooms and hard-to-open doors—that interfere
21  > with disabled individuals' "full and equal enjoyment" of
    > places of public accommodation.

22

23  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir.
24  2011) (internal quotes and citations removed for readability).

25  To succeed on his Title III, ADA claim, "a plaintiff must show that:
26  (1) he is disabled within the meaning of the ADA; (2) the defendant is a
27  private entity that owns, leases, or operates a place of public
28  accommodation; and (3) the plaintiff was denied public accommodations

3

by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);
5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Mr. Duarte's civil rights were violated because Defendant failed to provide accessible parking at the Auto Repair. Plaintiff will discuss each element, seriatim.

### A.      Plaintiff is Disabled

Mr. Duarte has severe mobility impairments. He cannot walk and uses a wheelchair for mobility. (SUF #1). There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability).  Given Mr. Duarte's inability to walk, this is not a genuine issue.

### B.      Defendants Own and Operate a Place of Public Accommodation

The Auto Repair is a service establishment. Service establishments are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(F). The Defendant owns and operates this place of public accommodation. (SUF #3). The Defendant, therefore, has an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

### C.      The Auto Repair Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

1    Department of Justice, Technical Assistance Manual on the American with
2    Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific.
3    "To determine if Plaintiff describes an 'architectural barrier' the Court
4    must turn to the ADA Accessibility Guidelines for Buildings and Facilities
5    ("ADAAG"). If an element does not meet or exceed ADAAG standards,
6    it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857
7    F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any
8    element in facility that does not meet or exceed the requirements set forth
9    in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.)*
10   *Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal
11   position of the Department of Justice). These are "objective" and
12   "precise" standards and "the difference between compliance and
13   noncompliance" is "often a matter of inches." *Id.*
14
15          Lack of accessible parking
16          The lack of accessible parking constitutes a barrier. Under the 1991
17   Standards, any business that provides parking spaces must provide
18   parking spaces marked as reserved for persons with disabilities. 1991
19   Standards § 4.1.2(5). One in every eight of those accessible parking
20   spaces, but not less than one, must be a "van" accessible parking space,
21   *i.e.*, having an eight foot (96 inch wide) access aisle. 1991 Standards §
22   4.1.2(5)(b). Under the 2010 Standards, one in every six of those accessible
23   parking spaces, but not less than one, must be "van" accessible, i.e. having
24   an eight foot access aisle, or alternatively, having a stall measuring 132
25   inches in width with a 60 inch adjacent access aisle. 2010 Standards §
26   502.2.[1]
27   ─────────────────────
28   [1] The Plaintiff recognizes that, technically, either the 1991 Standards or the
     2010 Standards govern in this case, but not both simultaneously. However,

6

Furthermore, to qualify as a reserved accessible parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches (18 feet) in length. CBC § 11B-502.2

Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id.* An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id.* Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id.* Additionally, the words "NO PARKING" shall be painted on the ground within each 8-foot… loading and unloading access aisle. This notice shall be painted in white letters no less than 12 inches… high and located so that it is visible to traffic enforcement officials." CBC § 11B-502.3.3.

Here, the Auto Repair did not have a single accessible parking space on the date of Plaintiff's visit on May 23, 2016. (SUF # 4-6).

---

both Standards are cited to demonstrate that it does not matter which Standard is applied because the parking did not comply with either Standard.

Plaintiff's Motion for Summary Judgment          Case: 2:18-CV-00484-JAK-PJW

Subsequent to May 2016, Defendant altered the parking space; however, the parking at the Auto Repair still continues to be non-compliant for several reasons. There is no blue outline clearly delineating the handicap parking space. (SUF #13). There is no access aisle accompanying the handicap parking space. (SUF #14). There is no fine warning or tow away signage displayed at or near the handicap parking space. (SUF #15).

Because the Defendant altered the parking lot, a readily achievable standard no longer applies, and the parking space should have complied with the most current standards under the applicable ADA and California Building Code. 42 U.S.C. §§ 12183(a)(1). As outlined above, Defendant failed to do so.

In any event, providing and maintaining accessible parking is readily achievable. Even a cursory review of the Code of Federal Regulations indicates that this type of action, i.e., providing accessible parking, is of the type of action that is identified as likely to be readily achievable. 28 C.F.R. § 36.304(b)(18). More importantly, as shown in the photos provided by Defendant, Defendant has already taken steps to improve the accessibility of the Auto Repair. (SUF #10 & 11). In such circumstances, the question about whether it is readily achievable to remediate these barriers has been definitively answered in plaintiff's favor. See *Wilson v. Pier 1 Imports (US), Inc.*, 439 F.Supp.2d 1054, 1069 (E.D. Cal. 2006) ("Given that the barrier has already been cured, the court must find that it was readily achievable, and thus that it violated the ADA and subsequently the Unruh Act.").

### D.    The Plaintiff Encountered These Violations and Is Being Deterred From Patronage

Not only did Mr. Duarte personally encounter this violation, but he faces the threat of continued and repeated violations as these barriers to access continue to exist. Defendant is required to provide an accessible parking space for use by persons with disabilities. Until Defendant is ordered to do so, plaintiff will continue to be aggrieved by these barriers.

In sum, there has been a violation of the American with Disabilities Act.

## V.   THE LACK OF COMPLIANT PARKING IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f).  "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski*, 481 F.3d at 731. As discussed above under section "IV", the defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI.   REMEDIES

The Plaintiff seeks both injunctive relief and statutory damages. Under the ADA, the plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. *Id.* at 12188(a)(2).

9

1    "Allegations that a plaintiff has visited a public accommodation on a prior
2    occasion and is currently deterred from visiting that accommodation by
3    accessibility barriers establish that a plaintiff's injury is actual or
4    imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).
5    "We have found actual or imminent injury sufficient to establish standing
6    where a plaintiff demonstrates an intent to return to the geographic area
7    where the accommodation is located and a desire to visit the
8    accommodation if it were made accessible." *D'Lil v. Best Western Encina*
9    *Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

10    The Auto Repair is conveniently located. It is therefore a
11    convenient place for him to shop. Once the violations are removed, Mr.
12    Duarte plans to visit the Auto Repair on a regular basis whenever the need
13    arises. (SUF #16 & 17). Thus, Mr. Duarte has standing to seek the fix.

14    Statutory damages can be recovered for a violation of the Unruh
15    Civil Rights Act "if the violation denied the plaintiff full and equal access
16    to the place of public accommodation on a particular occasion." Cal. Civ.
17    § 55.56(a). A denial of full and equal access takes place where a plaintiff
18    "personally encountered" the violation and it resulted in "difficulty,
19    discomfort or embarrassment." Cal. Civ. § 55.56(b). Under the Civil Code,
20    the plaintiff is entitled to recover a statutory penalty for "each offense"
21    (Cal. Civ. Code § 52(a)) which has been defined as "each particular
22    occasion that the plaintiff was denied full and equal access...." Cal. Civ.
23    Code § 55.56(e). A plaintiff can recover for both actual encounters and
24    occasions where personal knowledge of a barrier deterred the plaintiff
25    from attempting patronage. Cal. Civ. § 55.56(b).

26    Here, Mr. Duarte personally encountered the access standards
27    violations during his May 2016 visit. He is paraplegic and the Auto Repair
28    lacked an accessible parking space – this directly affects Mr. Duarte's

10

disability as he needs a designated, accessible parking space to safely park and exit his vehicle; this personal encounter with the lack of accessible parking caused Mr. Duarte difficulty and frustration. Thus, he seeks one penalty under the Unruh Civil Rights Act. There are no genuine issues in dispute here, and Plaintiff is entitled to the statutory award of $4,000 under the Unruh Civil Rights Act for each of his encounters and any deterrence. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Plaintiff seeks an award of $4,000.

## VII.   CONCLUSION

The Plaintiff respectfully requests this Court grant his motion.

Dated: June 4, 2018          CENTER FOR DISABILITY ACCESS

By: /s/ *Sara N. Gunderson*
Sara N. Gunderson
Attorneys for Plaintiff